Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Barry R. Swan, SBN 131191
Reid & Hellyer APC
3685 Main Street, Suite 300
Riverside, CA 92501

☐ *Individual appearing without attorney*
☒ *Attorney for:* Creditor Gas Plus Hemet, L.P.

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

In re:

GMWC, LLC

Debtor(s).

CASE NO.: 6:24-bk-14008-SY

CHAPTER: 11

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**
**(with supporting declarations)**
**(UNLAWFUL DETAINER)**

DATE: 08/22/2024
TIME: 1:30 pm
COURTROOM: 302

**Movant**: Gas Plus Hemet, L.P., a California limited partnership

1. **Hearing Location**:

☐ 255 East Temple Street, Los Angeles, CA 90012
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
☒ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) __________ and (*time*) __________; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 07/22/2024

Reid & Hellyer, APC
Printed name of law firm (if applicable)

Barry R. Swan
Printed name of individual Movant or attorney for Movant

[signature]
Signature of individual Movant or attorney for Movant

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
# (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☐ Residential ☒ Nonresidential

   *Street Address*: 5771 Florida Avenue
   *Unit/Suite Number*:
   *City, State, Zip Code*: Hemet, CA 92545

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13
   was filed on (*date*): 07/15/2024

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply)*:**

   a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

      (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

      (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) __________.

5. **Grounds for Relief from Stay:** (*check all that apply*)

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

      (1) ☒ Movant caused a notice to quit to be served on the Debtor.

      (2) ☒ An unlawful detainer proceeding was commenced on (*date*) 04/16/2024 .

      (3) ☐ An unlawful detainer judgment was entered on (*date*) __________.

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply)*:

(1) ☒ The lease or other right of occupancy expired by its terms on (*date*) 04/13/2024 .

(2) ☒ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) 04/13/2024 .

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) ___________.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

7. **Evidence in Support of Motion:** ***(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)***

   a. The UNLAWFUL DETAINER DECLARATION on page 7.

   b. ☒ Supplemental declaration(s).

   c. ☐ Other (*specify*):

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   - ☒ without further notice.
   - ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   - ☒ without further notice.
   - ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.
   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 07/22/2024

Reid & Hellyer, APC
Print name of law firm (*if applicable*)

Barry R. Swan
Print name of individual Movant or attorney for Movant (*if applicable*)

Signature of individual Movant or attorney for Movant

## UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Donnie Mahoney, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I manage the Property as the authorized agent for the Movant.

   c. ☒ I am employed by Movant as (*title and capacity*):
   General Partner

   d. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☐ Residential ☒ Nonresidential

   *Street Address*: 5771 Florida Avenue
   *Unit/Suite Number*:
   *City, State, Zip Code*: Hemet, CA 92545

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (*date*): ___________.

   (4) ☒ other (*specify*): vendee-in-possession; business operations manager

6. The Debtor failed to pay:

   a. ☐ The monthly rent of $__________________ beginning on (*date*): ___________.

b. ☐ Other obligations including:

(1) ☐ Common area maintenance charges

(2) ☐ Property taxes

(3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☒ The lease matured or was rejected on (*date*) 04/13/2024 :

(1) ☒ by operation of law.

(2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) 03/14/2024 , and a true and correct copy is attached as Exhibit 2 .

c. ☒ Before the bankruptcy petition was filed:

(1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) 04/25/2024 , and a true and correct copy is attached as Exhibit 3 .

(2) ☒ MSJ held on (*date*) 07/12/2024 .

(3) ☐ Trial was continued to (*date)* ___________.

(4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) ___________, and a true and correct copy is attached as Exhibit _____.

(5) ☐ A writ of possession for the Property was issued on (*date*) ___________, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

(1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

(2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

(3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

(4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

(A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) ___________.

(B) ☐ Movant has not filed and served an objection.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _______. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: ___________.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☐ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☒ No longer property of the estate.

d. ☒ Other (*specify*):
Debtor's possessory rights were terminated. On July 12, 2024, the Riverside Superior Court granted summary judgment in favor of movant on its Complaint for Unlawful Detainer against the Debtor.

10. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

(1) Case name: ____________________
Chapter: _____ Case number: ____________
Date filed: ___________ Date discharged: ___________ Date dismissed: ___________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(2) Case name: ____________________
Chapter: _____ Case number: ____________
Date filed: ___________ Date discharged: ___________ Date dismissed: ___________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(3) Case name: ____________________
Chapter: _____ Case number: ____________
Date filed: __________ Date discharged: __________ Date dismissed: __________
Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/22/2024 | Donnie Mahoney | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

***EXHIBIT "1"***

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY

AND WHEN RECORDED MAIL TO

BARRY STONE
GAS PLUS HEMET, LP
5771 Florida Avenue
Hemet, CALIFORNIA 92545

DOC # 2012-0130282
03/21/2012 08:00 AM Fees: $18.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted to the County of Riverside for recording**
Receipted by: SGOMEZ

Escrow No. 930022374 - U47
Order No. 930022374 - U50

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN# 456-010-001-3

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX IS $0.00 - This conveyance changes the manner in which title is held, grantor and grantee remain the same and continue to hold the same proportionate interest, R&T 11911

- [ ] unincorporated area [ ] City of
- [X] computed on the full value of the interest or property conveyed, or is
- [ ] computed on the full value less the value of liens or encumbrances remaining at time of sale, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

GAS PLUS-HEMET LLC, a California limited liability company

hereby **REMISE, RELEASE AND FOREVER QUITCLAIM** to

GAS PLUS HEMET, L.P., a California limited partnership

the following described real property in the
County of RIVERSIDE , State of California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE

Dated March 9, 2012

GAS PLUS-HEMET LLC,
a California limited liability company

By: [signature]
Name: Barry Stone, Manager
Its:

By: —
Name:
Its:

STATE OF CALIFORNIA
COUNTY OF San Diego } SS.

On 3/12/12 before me Janine Hudson
Notary Public, personally appeared Barry Stone

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]
Signature of Notary

JANINE HUDSON
COMM #1804807
Notary Public-California
SAN DIEGO COUNTY
My Comm. Exp. JUNE 29, 2012

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE

| Name | Street Address | City, State & Zip |
|---|---|---|

QD1 -- 12/03/07 AA

DOC # 2012-0130282
Page 2 of 2 03/21/2012 08:00 AM

Page 1
Escrow No. 930022374 -U47

**LEGAL DESCRIPTION EXHIBIT**

PARCEL 10 OF PARCEL MAP 22678, IN THE CITY OF HEMET, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 160 OF PARCEL MAPS, PAGES 64 THROUGH 69, INCLUSIVE, RECORDS OF SAID RIVERSIDE COUNTY, TOGETHER WITH THAT PORTION OF PARCEL 11 OF SAID PARCEL MAP 22678 DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID PARCEL 11; THENCE SOUTH 89° 44′ 00" EAST ALONG THE NORTH LINE OF SAID PARCEL 11 A DISTANCE OF 63.85 FEET; THENCE SOUTH 00° 16′ 00" WEST A DISTANCE OF 10.00 FEET; THENCE NORTH 89° 44′ 00" WEST A DISTANCE OF 21.00 FEET; THENCE SOUTH 47° 14′ 18" WEST A DISTANCE OF 58.62 FEET TO THE WEST LINE OF SAID PARCEL 11; THENCE NORTH 00° 16′ 00" EAST ALONG SAID WEST LINE A DISTANCE OF 50.00 FEET TO THE POINT OF BEGINNING, A CERTIFICATE OF LOT LINE ADJUSTMENT NO. 92-025 WAS RECORDED NOVEMBER 30, 1992 AS INSTRUMENT NO. 453719 OFFICIAL RECORDS.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST, IF ANY, IN AND TO ANY OIL, GAS, AND OTHER MINERALS (INCLUDING, WITHOUT LIMITATION, HELIUM, LIGNITE, SULFUR, PHOSPHATE AND OTHER SOLID, LIQUID AND GASEOUS SUBSTANCES), REGARDLESS OF THE NATURE THEREOF AND WHETHER SIMILAR OR DISSIMILAR BUT ONLY TO THE EXTENT ANY OF THE FOREGOING IS IN ITS NATURAL STATE AND NATURAL LOCATION AND NOT SUBJECT TO THE DOMINION AND CONTROL OF ANY PERSON, AND, UPON THIRTY (30) DAYS PRIOR WRITTEN NOTICE TO GRANTEE, THE RIGHT TO EXPLORE FOR, DEVELOP AND PRODUCE SAME, AS WELL AS THE RIGHT TO LEASE SUCH PORTION OF THE PROPERTY HEREBY RESERVED FOR SUCH PURPOSES, AND ALL MINERAL AND ROYALTY RIGHTS WHATSOEVER IN, ON, UNDER AND PERTAINING TO THE PROPERTY; BUT GRANTOR, ITS SUCCESSORS AND ASSIGNS, SHALL HAVE NO RIGHT TO USE, OR RIGHT OF INGRESS TO OR EGRESS FROM ANY PART OF THE SURFACE OF THE PROPERTY FOR EXPLORATION AND PRODUCING PURPOSES, EXCEPT WITH RESPECT TO (I) CURRENT ACTIVITIES AT AND ANY EXISTING CONTRACTUAL OR LEASEHOLD RIGHTS GRANTED TO THIRD PARTIES AND (II) ANY ADDITIONAL ACTIVITIES WHICH HAVE BEEN CONSENTED TO IN WRITING BY GRANTEE, WHOSE CONSENT SHALL NOT BE UNREASONABLY WITHHELD. EXCEPT AS SET FORTH IN THE PRECEDING SENTENCE, ANY OIL AND GAS DRILLING OPERATIONS, SHALL BE CONDUCTED BY MEANS OF WELLS, THE SURFACE LOCATIONS OF WHICH ARE ON OTHER LANDS AND WHICH MAY BE DRILLED INTO AND BOTTOMED IN OR UNDER THE PROPERTY. GRANTOR SHALL EXERCISE ITS RIGHTS UNDER THE FOREGOING MINERAL, OIL AND GAS RESERVATION SO AS NOT TO DISTURB ANY IMPROVEMENTS, INSTALLATIONS, PETROLEUM OR OTHER PRODUCTS CONTAINED IN SUCH IMPROVEMENTS OR INSTALLMENTS OR SURFACE ACTIVITIES ON THE PROPERTY. GRANTOR IS TO RECEIVE AND RETAIN ALL BONUSES, RENTALS AND ROYALTIES PAYABLE UNDER ANY SUCH MINERAL, OIL AND GAS LEASE OR LEASES. GRANTOR MAY ASSIGN, TRANSFER, SELL OR CONVEY SUCH OIL, GAS AND MINERAL RESERVATION TO ANY PERSON, CORPORATION, PARTNERSHIP OR OTHER ENTITY, AS RESERVED IN THE

CORPORATE GRANT DEED FROM SHELL OIL COMPANY, AS "GRANTOR" TO EQUILON ENTERPRISES LLC, A DELAWARE LIMITED LIABILITY COMPANY, AS "GRANTEE" RECORDED AUGUST 5, 1998 AS INSTRUMENT NO. 325460 OFFICIAL RECORDS.

END OF LEGAL DESCRIPTION

# ***EXHIBIT "2"***

DocuSign Envelope ID: 039309A7-1A19-4498-8A8C-3B48A21D47EB

**Sent via Personal Service and U.S. Mail, Certified Mail Return Receipt Requested**

March 13, 2024

GMWC, LLC
c/o Roger Daneshi, Esq.
2801 W. Empire Ave.
Burbank, CA 91504

GMWC, LLC
c/o Gulbahar Saini
14151 Newport Avenue, #203
Tustin, CA 92780

**Re:** **<u>5771 Florida Avenue, Hemet, CA 92545</u>**

**NOTICE OF TERMINATION OF TENACY AT WILL**

To GMWC, LLC,

As you are aware, Gas Plus Hemet, L.P. ("Gas Plus") provided written notice of termination of the December 30, 2019, Management Services Agreement & Option ("MSA/Option") to GMWC, LLC's ("GMWC") on February 2, 2024, requesting a transfer of the Business to Gas Plus and Gas Plus demanded that GMWC vacate the Property, referred to herein as the "Premises" as described below, no later than February 16, 2024.

GMWC, however, has remained in possession of the Premises despite the termination of the MSA/Option and the judgment for ejection in the pending action, *Gas Plus Hemet, L.P. v. GMWC, LLC*, Riverside Superior Court Case No. MCC2000890 (the "Action"). What's more, pursuant to the express terms of the MSA/Option, all rights of GMWC under the MSA/Option automatically terminated following GMWC's failure to timely acquire the Option, which has been found to be "null and void" in the Action. Section 5(e) of the MSA/Option provides as follows:

> **Management service provider must timely acquire the Option. If management service provider fails to acquire the Option, management service provider's rights under this Agreement shall terminate.**

It was subsequently discovered that GMWC has caused significant and inexcusable waste of the Property as set forth in Gas Plus's counsel's February 13, 2024, letter to GMWC's counsel.

While Gas Plus considers GMWC to be trespassing upon the Premises and its refusal to turn over the Business a further violation of the MSA/Option, and without waiving any rights, Gas Plus hereby provides written notice to GMWC that GMWC's permission to occupy the Premises is ***expressly withdrawn, revoked, and terminated***, and demand is hereby made that GMWC vacate the Premises, and do so no later than **thirty (30) days** from the service of this notice. The Premises refers

DocuSign Envelope ID: 039309A7-1A19-4498-8A8C-3B48A21D47EB

to the Property at issue in the MSA/Option: 5771 Florida Avenue, Hemet, CA 92545. You are required to remove yourself and your employees from the Premises, and to deliver possession of the Premises to the undersigned no later than 30 days of service of this notice.

This is a notice to vacate the Property and is intended to comply with Civil Code section 789.

**Additional Notices**

*Pursuant to California Civil Code, Section 1950.5(f) you have the right to request an inspection of your rental and to be present during that inspection which shall occur no earlier than two weeks prior to the termination of the tenancy. Please contact the owner, Gas Plus, if you wish to request an inspection.*

*Notice: State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.*

**Gas Plus Hemet, L.P.**

DocuSigned by
By: Don Mahoney
Don Mahoney,
V.P. of Greentree Real Estate Development, Inc.,
General Partner of Gas Plus Hemet, L.P

cc: Jason Saccuzzo, Esq.

Barry R. Swan, Esq.

# ***EXHIBIT "3"***

Electronically FILED by Superior Court of California, County of Riverside on 04/16/2024 10:01 AM
Case Number UDSW2400641 0000090168472 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alyssa LaMar, Clerk

**UD-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 131191
NAME: Barry R. Swan
FIRM NAME: REID & HELLYER APC
STREET ADDRESS: 3685 Main Street, Suite 300
CITY: RIVERSIDE STATE: CA ZIP CODE: 92501
TELEPHONE NO.: (951) 682-1771 FAX NO.: (951) 686-2415
EMAIL ADDRESS: bswan@rhlaw.com
ATTORNEY FOR (name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta, 92563
BRANCH NAME: Murrieta - Southwest Justice Center

PLAINTIFF: GAS PLUS HEMET, L.P., a California limited partnership
DEFENDANT: GMWC, LLC, a California limited partnership
[X] DOES 1 TO 10

**COMPLAINT—UNLAWFUL DETAINER***
[X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: UDSW2400641

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded [X] does not exceed $10,000
[ ] exceeds $10,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue). [ ] from limited to unlimited.
[ ] from unlawful detainer to general limited civil (possession not in issue). [ ] from unlimited to limited.

1. *PLAINTIFF (name each):* Gas Plus Hemet, L.P., a California limited partnership

*alleges causes of action against DEFENDANT (name each):* GMWC, LLC, a California limited liability company

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [X] a partnership.
(2) [ ] a public agency. (5) [ ] a corporation.
(3) [ ] other *(specify):*
b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):* 5771 Florida Avenue, Hemet, CA 92545, Riverside County
b. The premises in 3a are *(check one)*
(1) [X] within the city limits of *(name of city):* Hemet
(2) [ ] within the unincorporated area of *(name of county):*
c. The premises in 3a were constructed in *(approximate year):* 2000

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).



Westlaw Doc & Form Builder

UD-100

| PLAINTIFF: GAS PLUS HEMET, L.P., a California limited partnership<br>DEFENDANT: GMWC, LLC, a California limited partnership | CASE NUMBER: |
|---|---|

6. a. On or about *(date):* December 30, 2019
*defendant (name each):* GMWC, LLC

(1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify):* see Attachment I
(2) agreed to pay rent of $0.00 payable [ ] monthly [ ] other *(specify frequency):*
(3) agreed to pay rent on the [ ] first of the month [ ] other day *(specify):*

b. This [X] written [ ] oral agreement was made with
(1) [X] plaintiff. (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent. (4) [ ] Other *(specify):*

c. [ ] The defendants not named in item 6a are
(1) [ ] subtenants.
(2) [ ] assignees.
(3) [ ] Other *(specify):*

d. [ ] The agreement was later changed as follows *(specify):*

e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
(1) [ ] *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
(2) [ ] *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*
a. [X] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):* commercial property .
b. [ ] is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
a. [ ] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
(1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $ .
(2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
to *(name each defendant and amount given to each)*: GMWC, LLC

c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [X] Defendant *(name each):* GMWC, LLC

was served the following notice on the same date and in the same manner:
(1) [ ] 3-day notice to pay rent or quit
(2) [X] 30-day notice to quit
(3) [ ] 60-day notice to quit
(4) [ ] 3-day notice to quit
(5) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
Prior required notice to perform covenants served *(date):* .
(7) [ ] Other *(specify):*

UD-100

| PLAINTIFF: GAS PLUS HEMET, L.P., a California limited partnership<br>DEFENDANT: GMWC, LLC, a California limited partnership | CASE NUMBER: |
|---|---|

9. b. (1) On *(date):* April 13, 2024 the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.
c. All facts stated in the notice are true.
d. [ ] The notice included an election of forfeiture.
e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
(1) [ ] By personally handing a copy to defendant on *(date):*
(2) [ ] By leaving a copy with *(name or description):* ,
a person of suitable age and discretion, on *(date):* at defendant's
[ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence
on *(date):* because defendant cannot be found at defendant's residence or usual place of business.
(3) [ ] By posting a copy on the premises on *(date):*
[ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
on *(date):*
(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
(b) [ ] because no person of suitable age or discretion can be found there.
(4) [X] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):* March 14, 2024
(5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
b. [ ] *(Name):*
was served on behalf of all defendants who signed a joint written rental agreement.
c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
d. [ ] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. [ ] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $

13. [ ] The fair rental value of the premises is $ per day.

14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] A written agreement between the parties provides for attorney fees.

16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17. [X] Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: GAS PLUS HEMET, L.P., a California limited partnership<br>DEFENDANT: GMWC, LLC, a California limited partnership | CASE NUMBER: |
|---|---|

19. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. [ ] past-due rent of $
d. [X] reasonable attorney fees.
e. [ ] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [ ] damages at the rate stated in item 13 from *date:* for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [X] other *(specify)*: Plaintiff seeks possession only, with all damage claims reserved.

20. [X] Number of pages attached *(specify)*: 20

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [X] *(Complete in all cases.)* An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

Date: April 15, 2024

Barry R. Swan
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 15, 2024

(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

MC-025

| SHORT TITLE: Gas Plus Hemet, L.P. v. GMWC, LLC | CASE NUMBER: |
| --- | --- |

**ATTACHMENT** *(Number)*: 17

*(This Attachment may be used with any Judicial Council form.)*

Defendant's rights under the Management Services Agreement & Option attached as Exhibit 1 to this Complaint terminated following Defendant's failure to timely perform the option provisions set forth therein. Defendant is a tenant at will.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

| SHORT TITLE: Gas Plus Hemet, L.P. v. GMWC, LLC | CASE NUMBER: |
|---|---|

## VERIFICATION

I am Don Mahoney, the general partner of Gas Plus Hemet, L.P.

I declare that I have read the above document and know its contents, which are true of my own knowledge, except as to those stated on my information and belief, and as to those matters I believe the above document to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoring is true and correct.

Signed April 15, 2024 at Carlsbad, California

Don Mahoney

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.



**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]

CRC 201, 501

***EXHIBIT "1"***

# Management Services Agreement & Option

This agreement is entered into on December 30, 2019 between Gas Plus Hemet, L.P., a California limited partnership ("company") and GMWC, LLC, a California limited liability company and his affiliates ("management services provider"). Company and management services provider may be referred to herein as the parties, or individually as a party. Upon the satisfaction of all conditions, this Agreement shall become effective on 12/20/2019.

In consideration of the following mutual covenants, the parties agree as follows:

1. Subject Matter and Definitions

(a) Company and management services provider desire to enter into an agreement for management services provider to furnish various management services in exchange for a management fee. Management services provider has hired executive personnel and invested in data processing assets in anticipation of entering into this agreement. Management services provider has familiarized itself with the business of company and has consulted with various professionals and investment bankers regarding the business of company.

(b) Company and management services provider also desire to grant management services provider an option to purchase certain real property known as 5771 West Florida Avenue, Hemet, CA 925454 ("Real Property") on which company's gas station and car wash business ("Business") operates.

(c) Personal Property Assets of the Business include, but are not limited to, , equipment, trade fixtures, leasehold, leasehold improvements, contract rights, business records (with company retaining a reasonable right of inspection), liquor license, software and software licenses, transferable governmental licenses and permits, other licenses, franchises, goodwill, covenant not to compete, trade secrets, patents, intellectual property, trade name, customer lists, marketing materials, telephone and fax numbers, web sites, URL's, email addresses, sales order backlog, bank accounts, deposits, cash, accounts receivable, and financial records.

2. Management Services

During the term of this agreement, management services provider shall exclusively provide the following services for company's Business:

(a) Employment/staffing;
(b) Payroll;
(c) Sales and marketing;
(d) Logistics;
(e) AR/AP/inventory management;
(f) All operations incident to the Business;
(g) Management of the Personal Property Assets;
(h) Architectural changes deemed necessary by management services provider to

ay

optimize business to extent same are approved by relevant regulating authorities;

(i) Indirectly servicing of the Bank of America and SBA Lender debt (the "Debt") secured against the Real Property. Servicing of the Debt shall occur as stated below; and

(j) Paying all business expenses, including but not limited real estate taxes, building insurance, insurance, and maintenance.

3. Management Fees

In exchange for the management services to be furnished under this agreement, company shall pay to management services provider management fees as follows:100% of net profit.

4. Consideration

(a) To acquire the management rights specified above, management services provider shall make a non-refundable deposit of $50,000.00 by 5:00 p.m. on December 30, 2019, that will be forfeited if management services provider does not perform under this agreement due to failure of the conditions precedent below.

(b) Management service provider shall purchase company's inventory at cost as of December 31, 2019. The parties shall cooperate in arriving at the purchase price of the inventory. Company's estimate as to the value of the inventory is $70,000.00. Management services provider shall pay $70,000.00 to company for the inventory. Management services provider shall conduct an inventory count on December 31, 2019, and shall pay to company the difference of the counted inventory over $70,000.00, and company shall pay to management services provider the difference of the counted inventory under $70,000.00.

5. Conditions.

(a) Management service provider's obligation to perform under this Agreement shall be subject to the following conditions:

ii. Appropriate authorization for entering into this Agreement from Management service provider's and company;

iii. No adverse material conditions that would render this agreement impossible to perform; and

iv. Transfer or issuance of necessary licenses and permits.

(b) Management service provider's obligation to operate the Business:

i. Management service provider shall operate the Business in a professional manner and profitable manner;

ii. Management service provider shall ensure the continued operation of the Business during regular business hours;

iii. Management service provider shall ensure no hazardous materials are released on the Property that would violate any federal, state, and local laws, ordinances, regulations,

standards, rules, governmental requirements, and policies, administrative rulings, court judgments and decrees, and all amendments thereto, relating to pollution or protection of human health, wildlife, natural resources, or the environment (including ambient air, surface water, ground water, land surface, or subsurface strata) including such laws governing or regulating the use, generation, storage, removal, remediation, recovery, treatment, handling, transport, disposal, control, release, discharge of, or exposure to, hazardous materials; and

iv. Management service provider shall not allow any waste of the Business or of the Property.

(c) If management service provider fails to operate the Business in accordance with Paragraph 5(b) then management service provider's rights under this Agreement shall terminate and company shall have the right to replace management service provider as the manager of the Business. Company shall give written notice to management service provider of any breach of Paragraph 5(b). Management service provider shall thereafter have ten (10) business days to cure any such breach. If management service provider fails to cure the breach within this period, management service provider shall vacate the Business and Property.

(d) In the event of a breach of Paragraph 5(b), which gives company the rights set forth in Paragraph 5(c), management service provider shall have the right to pay company the sum of $4,300,000.00 in purchase of the Property within the period to cure its breach of Paragraph 5(b).

(e) Management service provider must timely acquire the Option. If management service provider fails to acquire the Option, management service provider's rights under this Agreement shall terminate.

6. Due Diligence.

Management service provider acknowledges having completed its due diligence prior to entering in to this Agreement. Management service provider acknowledges its full review and access to the facilities, records, key employees, customers, suppliers, and advisors of the Business. This due diligence investigation included, but was not limited to, a complete review of the financial, legal, tax, environmental, intellectual property, and labor records and agreements of the Business, and any other matters as management services provider's accountants, tax and legal counsel, and other advisors deem relevant.

All information, both written and oral, obtained by the Parties in connection with the Transaction, including this summary of terms, is confidential to the Parties and their representatives.

7. Representations and Warranties of Company

(a) Company is a limited partnership duly organized and legally existing in good standing under the laws of the State of California, and has all the requisite corporate power and authority to carry on its business as now conducted.

(b) The execution, delivery, and performance of this agreement by company has been duly approved by all partners, and no further corporate action is necessary on the part of company to consummate the transactions contemplated by this agreement, assuming due execution of this agreement by the parties.

(c) Company maintains in effect insurance covering its assets and businesses in an amount believed adequate by company, and such insurance coverage shall be continued and maintained by management services provider. For purposes of clarity, management service provider shall be responsible for paying said insurance coverage.

(d) With the exception of the issues at bar in *Tesoro Refining & Marketing Company, LLC v. Gas Plus Hemet, L.P., et al,* US District Court for the Central District of California, Case No.: 2:18-cv-070404, company possesses all licenses and other required governmental or official approvals, permits, or authorizations, if any, the failure to possess which would have a material adverse effect on the business, financial condition, or results of operations of company including, without limitation, all common carrier rights, certificates of public need, waste material transportation permits, trademarks, and trade names necessary to carry on its business as now being conducted, without known conflict with valid licenses, permits, trademarks, and trade names of others. All such licenses and permits are in full force and effect, and no violations are or have been recorded in respect to any such licenses or permits, and no proceeding is pending, or to the knowledge of company threatened, to revoke, suspend, or otherwise limit such licenses or permits. All licenses and permits will survive the closing of the transactions contemplated by this agreement.

(e) Company is liable for, and shall indemnify, defend, and hold harmless management services provider from any commission or finder's fee of any agent, broker, finder, representative, or other person or entity acting pursuant to authority of company in connection with the origination, negotiation, execution, or performance of the transactions contemplated under this agreement.

(f) This agreement and all other agreements of company contemplated under this agreement constitute valid and binding obligations of company, enforceable in accordance with their respective terms. Neither the execution and delivery of this agreement (or any agreement contemplated under this agreement) nor the consummation of the transactions contemplated by this agreement will: (i) conflict with or violate any provision of the partnership agreement or governing documents company; (ii) conflict with or violate any decree, writ, injunction, or order of any court or administrative or other governmental body which is applicable to, binding on, or enforceable against company; or (iii) result in any breach of or default (or give rise to any right of termination, cancellation, or acceleration), contract, agreement, indenture, will, trust, or other instrument which is either binding on or enforceable against company or its assets. For purposes of clarity, management service provider is aware of the requirements of company's SBA loan and management service provider assumes the risk, subject to the limitations below, of the SBA loan being accelerated or declared in default due to this Agreement.

(g) Company has the full power, right, and authority to enter into and perform this agreement without the consent of any person, entity, or governmental agency, and the consummation of the transactions contemplated by this agreement will not result in the breach or termination of any provision of or constitute a default under any lease, indenture, , or other agreement or instrument or any order, decree, statute, or restriction to which company is a party or by which company is bound or any of the properties of company is subject, except as otherwise stated in this Agreement.

(h) No representation, statement, or information made or furnished by company to management services provider, including those contained in this agreement and the other information and statements referred to in this agreement, contains or shall contain any untrue statement of any material fact.

(i) THE PERSONAL PROPERTY ASSETS AND REAL PROPERTY ARE SOLD "AS IS" AND MANAGEMENT SERVICES PROVIDER ASSUMES THE ENTIRE RISK WITH RESPECT TO SUCH ASSETS. COMPANY EXPRESSLY DISCLAIMS ANY AND ALL WARRANTIES, WHETHER EXPRESS, IMPLIED OR STATUTORY INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTIES OF TITLE, NONINFRINGEMENT, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SATISFACTORY PURPOSE, ACCURACY, CURRENTNESS, RELIABILITY OR QUIET ENJOYMENT.

8. Representations and Warranties of Management Services Provider

(a) Management services provider is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of California and has all the requisite corporate power and authority to carry on its business as now conducted and to consummate the transactions contemplated by this agreement.

(b) The execution, delivery, and performance of this agreement by management services provider has been duly approved by its members, and no further action is necessary on the part of management services provider to consummate the transactions contemplated by this agreement, assuming due execution of this agreement by the parties.

(d) This agreement and all other agreements of management services provider contemplated under this agreement constitute valid and binding obligations of management services provider, enforceable in accordance with their respective terms. Neither the execution and delivery of this agreement (or any agreement contemplated under this agreement) nor the consummation of the transactions contemplated by this agreement will: (i) conflict with or violate any provision of the operating agreement or governing documents of management services provider; (ii) conflict with or violate any decree, writ, injunction, or order of any court or administrative or other governmental body which is applicable to, binding on, or enforceable against management services provider; or (iii) result in any breach of or default (or give rise to any right of termination, cancellation, or acceleration) under any mortgage, contract, agreement, indenture, will, trust, or other instrument which is either binding on or enforceable against management services provider or its assets.

(e) Management services provider has the full power, right, and authority to enter into and perform this agreement without the consent of any person, entity, or governmental agency, and the consummation of the transactions contemplated by this agreement will not result in the breach or termination of any provision of or constitute a default under any lease, indenture, mortgage, deed of trust, or other agreement or instrument or any order, decree, statute, or restriction to which management services provider is a party or by which management services provider is bound or to which the outstanding shares of stock of management services provider or any of the properties of management services provider is subject.

9. Material Contracts, Etc

In anticipation of the acquisition by management services provider of the option described below, company shall not, without the written consent of management services provider, issue or enter into any subscriptions, options, agreements, or other commitments in respect of the issuance, transfer, sale, or encumbrance of any partnership interests, or the admission of any new partners, or enter into any material transactions outside the ordinary course of business.

10. Indemnification by Company

(a) Except as specified herein, company shall indemnify and hold management services provider harmless from and against any and all damages, loss, cost, deficiency, assessment, liability, or other expense (including reasonable attorney's fees, costs of court, and costs of litigation, if any) suffered, incurred, or paid by management services provider as a result of: (i) the untruth, inaccuracy, breach, or violation of any representation, set forth in this agreement; or (ii) the assertion against management services provider of any liabilities or obligations of company or any claim relating to the operations of company's business that arose prior to this Agreement.

(b) Management services provider shall give written notice to company of any claim, action, suit, or proceeding relating to the indemnity provided here by company not later than ten days after management services provider has received notice of the claim, action, suit, or proceeding. Company shall have the right, at its option, to compromise or defend, at its own expense and by its own counsel (which counsel shall be reasonably satisfactory to management services provider), any such action, suit, or proceeding. Management services provider and company agree to cooperate in any such defense or settlement and to give each other full access to all information relevant to such defense or settlement.

(c) Except as expressly provided in this agreement, the remedies provided in Paragraph 8 of this agreement shall be cumulative and shall not preclude assertion by management services provider or the seeking of any other remedies available against company at law or in equity.

(d) The indemnification shall not extend to damages or costs caused by the willful or wrongful acts of management services provider, including, without limitation, violations of federal, state, or local laws.

(e) Company shall indemnify management services provider for liabilities existing or arising before the full execution of this Agreement, including, but not limited to, the action styled *Tesoro Refining & Marketing Company, LLC v. Gas Plus Hemet, L.P., et al,* US District Court for the Central District of California, Cas No.: 2:18-cv-070404.

11. Indemnification by Management Services Provider

(a) Management services provider shall indemnify and hold company harmless from and against any and all damages, loss, cost, deficiency, assessment, liability, or other expense (including reasonable attorney's fees, costs of court, and costs of litigation, if any) suffered, incurred, or paid by company as a result of: (i) the untruth, inaccuracy, breach, or violation of any representation, warranty, covenant, or other obligation of management services provider set forth in or made in connection with this agreement; (ii) the assertion against company of any liabilities or obligations of management services provider or any claim relating to the operations of management services provider's business, including but not limited to any claim related to the release of any hazardous material; or (iii) the enforcement of company's right to indemnification under this agreement.

(b) Company shall give written notice to management services provider of any claim, action, suit, or proceeding relating to the indemnity provided in this agreement by management services provider not later than 10 days after company has received notice of any such claim, action, suit, or proceeding. Management services provider shall have the right, at its option, to compromise or defend, at its own expense and by its own counsel (which counsel shall be reasonably satisfactory to company), any such action, suit, or proceeding. Management services provider and company agree to cooperate in any such defense or settlement and to give each other full access to all information relevant to such defense or settlement.

(c) Except as expressly provided in this agreement, the remedies provided in Paragraph 9 of this agreement shall be cumulative and shall not preclude assertion by company or the seeking of any other remedies available against management services provider at law or in equity.

(d) The indemnification shall not extend to damages or costs caused by the willful or wrongful acts of company, including, without limitation, violations of federal, state, or local laws.

(e) Management services provider shall indemnify company for liabilities coming into existence or arising after the full execution of this Agreement.

(f) Management services provider shall be responsible for making payment on the real property taxes associated with the Real Property.

12. Option to Purchase Real Property

Company grants to management services provider an exclusive option to purchase the Real Property for $4,300,000.00 ("Option"), less credits as specified below.

13. Consideration for Option

To acquire the Option, which management service provider elects to do, management services provider shall make a non-refundable deposit of $1,050,000.00 by 5:00 p.m. on December 30, 2019, and shall service the debt secured against the Real Property Assets by Bank of America and the SBA lender (collectively the "Lender") in the collective and approximate amount of $23,464.00 per month. In furtherance of management services provider's obligation to service the debt: 1) company shall make all monthly payments for debt to be serviced by management services provider one calendar month in advance and provide proof of payment of same to management services provider, and to this end company shall provide the first two payments (total $46,928.00) to be deducted from the option payment so that company need not wait thirty days for reimbursement; 2) management services provider shall reimburse company for the monthly payments after company provides management services provider with proof of payment to the lender; and 3) if company defaults on any debt management services provider is to service, management services provider shall have the right to directly pay the debt management services provider is to service.

If management services provider exercises the Option, the $1,100,000.00 deposit (which includes the deposit for the Personal Property Assets) and the amounts paid to service the debt shall be credited against the purchase price.

In the event that management service provider does not exercise the Option in the manner described in this Agreement, then Company may terminate the Option and retain all option payments paid by management service provider and company thereafter shall have no further liability or obligations hereunder.

14. Term

The Option shall be effective as of the date of this Agreement and shall expire at 11:59 p.m. on December 31, 2022.

Management services provider must exercise the Option by December 31, 2022. If management services provider exercises the Option, the $1,100,000.00 deposit (which includes the deposit for the Personal Property Assets) and the amounts paid to service the debt shall be credited against the purchase price. management services provider may execute the Option by: 1) refinancing company and company's affiliates off the debt secured against the Real Property by Bank of America and the SBA lender, which would include payment of any "Pre-Payment Loan Penalties" referenced below; 2) purchasing the Real Property; 3) or causing a sale of the Real Property to a third party. In the event that management services provider exercises the Option, title to the Personal Property Assets shall pass to management services provider, and shall be considered as though they were fixtures of the Real Property; inventory shall be transferred through a bulk escrow; and company shall cooperate with management services provider's efforts to transfer the liquor license to management services provider, and company shall pay the first $15,000.00 toward the transfer fee for the liquor license. In the event that management services provider fails to exercise the Option by December 31, 2022, all payments by management services provider to

service the Bank of America and SBA Lender's debts shall be non-refundable and management services provider will have no right to any credit on account of such payments.

15. Exercise

Provided management services provider is not in default under this Agreement, this Option may be exercised by management services provider's delivering to company before the expiration of the Option Term written notice of the exercise ("Exercise Notice"), which shall state that the Option is exercised without condition or qualification. Exercise Notice must be delivered to company at least 90 days in advance of December 31, 2022, and escrow shall close no later than December 31, 2022 on management service provider's purchase.

On receipt by company of the Exercise Notice, and a check in the amount of $50,000.00 earnest money, company shall promptly execute and deliver a standard AIR Commercial Property Purchase, with standard terms and conditions consistent with the Option. Company's failure to execute and deliver a copy of the purchase agreement in accordance with this Section shall not affect the validity of the Option.

It is anticipated that there will be prepayment penalties if the existing SBA debt secured against the Business and real property is paid off early. If prepayment penalties are imposed for any reason, management services provider agrees to pay up to $90,000 for any prepayment penalties. Company will be responsible for any amounts over the $90,000.00. Should management services provider wish to exercise this Option, this will be done through a formal escrow company who would handle the recording of the sale, issuance of a title policy and payoff of underlying notes.

16. Representations and Warranties with regard to the Real Property

Company warrants that company is the owner of the Real Property and has marketable and insurable fee simple title to the Property clear of restrictions, leases, liens, and other encumbrances, except as specified herein. If this Option is exercised by management services provider, company will convey title to the Real Property by grant deed. During the Option Term and until the Real Property is conveyed to management services provider, if this Option is exercised, company will not encumber the Property in any way nor grant any property or contract right relating to the Real Property without the prior written consent of management services provider.

The Personal Property Assets and Real Estate shall be sold "as is," with the exception that to the extent the car wash needs to be repaired to become operational, the company will pay all costs associated with such repair to the extent they exceed $10,000.00 (management services company shall be responsible for the first $10,000.00 of any such repairs). Any repairs need to be approved by company. Company's approval may not be unreasonably withheld.

17. Time of Essence

Time is of the essence for this Option. If the Option is not exercised in the manner provided herein before the expiration of the Option Term, management services provider shall have no interest in

the Real Property and the Option may not be revived by any subsequent payment or further action by management services provider.

18. Quitclaim Deed

If this Agreement is terminated by mutual agreement or by breach of this agreement by either party, management services provider if requested by company shall to execute, acknowledge, and deliver a quitclaim deed to company within ten days after termination and to execute, acknowledge, and deliver any other documents required by any title company to remove the cloud of this Option from the Property.

19. Transfer

Management services provider may not assign or transfer this Agreement and the rights under it without company's prior written consent.

20. Cost of Enforcement

If any legal action or any other proceeding, including arbitration or action for declaratory relief, is brought for the enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and other costs, in addition to any other relief to which the party may be entitled.

Unless otherwise stated, Parties shall each pay their own transaction expenses, including without limitation (i) the performance of its obligations under these terms; and (ii) drafting and negotiating the Definitive Agreement and all ancillary agreements

21. Memorandum of Option

Immediately following the execution of this Agreement by company, a memorandum of option shall be recorded by company with the official records of Riverside County California, and shall specify that management services provider holds the Option, and the term of the Option.

22. Survival

The terms of this Agreement, to the extent applicable, shall survive the close of escrow of the Real Property.

23. Successors

This Agreement shall bind and inure to the benefit of the respective heirs, personal representatives, successors, and assignees of the parties to this Agreement.

24. Waivers

No waiver of any breach of any covenant or provision in this Agreement shall be deemed a waiver of any other covenant or provision in this Agreement, and no waiver shall be valid unless in writing and executed by the waiving party.

25. Construction

Section headings are solely for the convenience of the parties and are not a part of and shall not be used to interpret this Agreement. The singular form shall include the plural and vice versa. This Agreement shall not be construed as if it had been prepared by one of the parties, but rather as if both parties have prepared it. Unless otherwise indicated, all references to sections are to this Agreement.

26. Further Assurances

Whenever requested by the other party, each party shall execute, acknowledge, and deliver all further conveyances, agreements, confirmations, satisfactions, releases, powers of attorney, instruments of further assurance, approvals, consents, and all further instruments and documents as may be necessary, expedient, or proper to complete any conveyances, transfers, sales, and agreements covered by this Agreement, and to do all other acts and to execute, acknowledge, and deliver all requested documents to carry out the intent and purpose of this Agreement.

27. Third-Party Rights

Nothing in this Agreement, express or implied, is intended to confer on any person, other than the parties to this Agreement and their respective successors and assigns, any rights or remedies under or by reason of this Agreement.

28. Integration

This Agreement contains the entire agreement between the parties, and expressly supersedes all previous or contemporaneous agreements, understandings, representations, or statements between the parties respecting the Option for the Property.

29. Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

30. Amendment

This Agreement may not be amended or altered except by a written instrument executed by company and management services provider.

31. Partial Invalidity

Any provision of this Agreement that is unenforceable or invalid or the inclusion of which would adversely affect the validity, legality, or enforceability of this Agreement shall be of no effect, but all the remaining provisions of this Agreement shall remain in full force.

32. Authority of Parties

All persons executing this Agreement on behalf of any party to this Agreement warrant that they have the authority to execute this Agreement on behalf of that party.

33. Governing Law

GOVERNING LAW. THIS SUMMARY OF TERMS SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH INTERNAL LAWS OF THE STATE OF CALIFORNIA, WITHOUT GIVING EFFECT TO ANY CHOICE OR CONFLICT OF LAW PROVISION OR RULE WHETHER OF THE STATE OF CALIFORNIA, OR ANY OTHER JURISDICTION THAT WOULD CAUSE THE APPLICATION OF LAWS OF ANY JURISDICTION OTHER THAN THOSE OF THE STATE OF CALIFORNIA.

34. Notices

Any notice, request, or other document shall be in writing and sent by registered or certified mail, return receipt requested, postage prepaid, and addressed to the party to be notified at the following addresses, or any other address as the party may subsequently designate by written notice to all parties, which notice shall be effective as of the date of posting:

(a) If to GMWC, LLC:
Gulbahar Saini
4165 Jameson Dr.
Corona, CA 92881

(b) If to Gas Plus Hemet, L.P.:
Don Mahoney
5771 Florida Avenue
Hemet, CA 92545

35. Headings

The subject headings of the sections of this agreement are included for purposes of convenience only and shall not affect the constructions or interpretation of any of its provisions.

36. Entire Agreement; Modification

This agreement constitutes the entire agreement and understanding between the parties, and supersedes any prior agreements and understandings relating to the subject matter of this agreement. This agreement may be modified or amended only by a written instrument executed by all parties to this agreement.

The parties have executed this agreement on December 30, 2019.

Gas Plus Hemet, L.P.

By: Greentree Real Estate
Its: General Partner

GMWC, LLC

By: Gulbahar Saini
Its: President

GMWC, LLC

By: ______________________
Its: __________

GMWC, LLC

By: ______________________
Its: __________

GMWC, LLC

By: ______________________
Its: __________

# ***EXHIBIT "2"***

DocuSign Envelope ID: 039309A7-1A19-4498-8A8C-3B48A21D47EB

**Sent via Personal Service and U.S. Mail, Certified Mail Return Receipt Requested**

March 13, 2024

GMWC, LLC
c/o Roger Daneshi, Esq.
2801 W. Empire Ave.
Burbank, CA 91504

GMWC, LLC
c/o Gulbahar Saini
14151 Newport Avenue, #203
Tustin, CA 92780

**Re:** **<u>5771 Florida Avenue, Hemet, CA 92545</u>**

**NOTICE OF TERMINATION OF TENACY AT WILL**

To GMWC, LLC,

As you are aware, Gas Plus Hemet, L.P. ("Gas Plus") provided written notice of termination of the December 30, 2019, Management Services Agreement & Option ("MSA/Option") to GMWC, LLC's ("GMWC") on February 2, 2024, requesting a transfer of the Business to Gas Plus and Gas Plus demanded that GMWC vacate the Property, referred to herein as the "Premises" as described below, no later than February 16, 2024.

GMWC, however, has remained in possession of the Premises despite the termination of the MSA/Option and the judgment for ejection in the pending action, *Gas Plus Hemet, L.P. v. GMWC, LLC*, Riverside Superior Court Case No. MCC2000890 (the "Action"). What's more, pursuant to the express terms of the MSA/Option, all rights of GMWC under the MSA/Option automatically terminated following GMWC's failure to timely acquire the Option, which has been found to be "null and void" in the Action. Section 5(e) of the MSA/Option provides as follows:

> **Management service provider must timely acquire the Option. If management service provider fails to acquire the Option, management service provider's rights under this Agreement shall terminate.**

It was subsequently discovered that GMWC has caused significant and inexcusable waste of the Property as set forth in Gas Plus's counsel's February 13, 2024, letter to GMWC's counsel.

While Gas Plus considers GMWC to be trespassing upon the Premises and its refusal to turn over the Business a further violation of the MSA/Option, and without waiving any rights, Gas Plus hereby provides written notice to GMWC that GMWC's permission to occupy the Premises is ***expressly withdrawn, revoked, and terminated***, and demand is hereby made that GMWC vacate the Premises, and do so no later than **thirty (30) days** from the service of this notice. The Premises refers

DocuSign Envelope ID: 039309A7-1A19-4498-8A8C-3B48A21D47EB

to the Property at issue in the MSA/Option: 5771 Florida Avenue, Hemet, CA 92545. You are required to remove yourself and your employees from the Premises, and to deliver possession of the Premises to the undersigned no later than 30 days of service of this notice.

This is a notice to vacate the Property and is intended to comply with Civil Code section 789.

**Additional Notices**

*Pursuant to California Civil Code, Section 1950.5(f) you have the right to request an inspection of your rental and to be present during that inspection which shall occur no earlier than two weeks prior to the termination of the tenancy. Please contact the owner, Gas Plus, if you wish to request an inspection.*

*Notice: State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.*

**Gas Plus Hemet, L.P.**

By: Don Mahoney (signature) ______________________
Don Mahoney,
V.P. of Greentree Real Estate Development, Inc.,
General Partner of Gas Plus Hemet, L.P

cc: Jason Saccuzzo, Esq.

Barry R. Swan, Esq.

# ***EXHIBIT "3"***

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 3104 Fourth Avenue, San Diego, CA 92103,

On March 14, 2024, I served the within document(s) described as:

**NOTICE OF TERMINATION OF TENANCY AT WILL**

on the interested parties in this action as stated below:

GMWC, LLC
c/o Roger Daneshi, Esq.
2801 W. Empire Avenue
Burbank, CA 91504

GMWC, LLC
c/o Gulbahar Saini
14151 Newport Avenue, #203
Tustin, CA 92780

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.

[X] (BY CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at San Diego, California, in the ordinary course of business.

I declare under perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2024, at San Diego, California.

Susan Brown
(Type or print name)

(Signature)

7015 0640 0003 6582 6607

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Tustin, CA 92780

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $ | $4.40 |
| Extra Services & Fees (check box, add fee as appropriate) | $3.65 |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | $0.68 |
| Total Postage and Fees $ | $8.73 |

Postmark Here: HILLCREST STATION SAN DIEGO 0103 MAR 14 2024 03/14/2024

Sent To: GulbaharSaini / GMWC LLC
Street and Apt. No., or PO Box No.: 14151 Newport Ave. #203A
City, State, ZIP+4®: Tustin CA 92780

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0003 6582 6614

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Burbank, CA 91504

OFFICIAL USE

Certified Mail Fee $ $4.40

Extra Services & Fees (check box, add fee as appropriate) $3.65

- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postage $ $0.68

Total Postage and Fees $ $8.73

HILLCREST STATION SAN DIEGO
0103
Postmark Here
MAR 14 2024
03/14/2024
USPS

Sent To Roger Daneshi

Street and Apt. No., or PO Box No. 2801 W. Empire Ave

City, State, ZIP+4® Burbank CA 91504

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Electronically FILED by Superior Court of California, County of Riverside on 07/01/2024 11:39 AM
Case Number UDSW2400641 0000097547332 - Jason B. Galkin, Executive Officer/Clerk of the Court By Keri Noonan, Clerk

UD-105

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Thomas P. Bleau (152945); Ramshin Daneshi (336051)
FIRM NAME: Bleau Fox, a PLC
STREET ADDRESS: 2801 W. Empire Avenue
CITY: Burbank STATE: CA ZIP CODE: 91504
TELEPHONE NO.: (818) 748-3434 FAX NO.: (818) 748-3436
EMAIL ADDRESS: tbleau@bleaufox.com; rdaneshi@bleaufox.com
ATTORNEY FOR (name): GMWC LLC

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: 30755-D Auld Road
CITY AND ZIP CODE: Murrieta 92563
BRANCH NAME: Southwest Justice Center

PLAINTIFF: GAS PLUS HEMET, L.P.
DEFENDANT: GMWC LLC

**AMENDED ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: UDSW2400641

1. Defendant *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):*
GMWC LLC

answers the complaint as follows.

2. **DENIALS** ***(Check ONLY ONE of the next two boxes.)***

 a. [x] **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
 Defendant generally denies each statement of the complaint and of *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101).

 b. [ ] **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
 Defendant admits that all the statements of the complaint and of *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true EXCEPT:

 (1) **Denial of Allegations in Complaint (form UD-100 or other complaint for unlawful detainer)**

 (a) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
 [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(a).

 (b) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
 [ ] Explanation is on form MC-025, titled as Attachment 2b(1)(b).

 (2) **Denial of Allegations in *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101)**

 (a) [ ] Defendant did not receive plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101). *(If not checked, complete (b) and (c), as appropriate.)*

 (b) Defendant claims the following statements on *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are false *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025):* [ ] Explanation is on form MC-025, titled as Attachment 2b(2)(b).



Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2024]



Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1161 et seq., 1179.01 et seq.
www.courts.ca.gov

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3685 Main Street, Suite 300, Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

kmurphy@goeforlaw.com; michael.berger@bankruptcypower.com; adam.s.feurstein@usdoj.gov; everett1.green@usdoj.gov; cameron.ridley@uddoj.gov; ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 07/23/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/232024 | Ciji Arias-Bates | Ciji Arias-Bates |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.