D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
DEVAN DE LOS REYES, #355913
ddelosreyes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
CHARLES W. DAFF

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>GMWC, LLC,<br><br>Debtor. | Case No. 6:24-bk-14008-SY<br><br>Chapter 7<br><br>**SIGNATURE PAGES RE EXHIBIT 1 TO SETTLEMENT AGREEMENT; AND SIGNATURE ON TRUSTEE'S DECLARATION RE:**<br><br>(1) APPROVE SETTLEMENT UNDER FRBP 9019 WITH GULBAHAR SAINI AND<br>(2) FOR ORDER AUTHORIZING SETTLEMENT AS A SALE AND ASSIGNMENT UNDER 11 U.S.C. § 363 OF THE ESTATE'S INTEREST POTENTIAL LITIGATION CLAIMS OUTSIDE THE ORDINARY COURSE OF BUSINESS; FOR WAIVER OF 14-DAY STAY<br><br>Date: May 22, 2025<br>Time: 9:30 a.m.<br>Ctrm: 302<br>Place: 3420 Twelfth Street<br>Riverside, CA 92501 |

/ / /

/ / /

/ / /

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

On May 1, 2025, as Dk. No. 117, a motion ("Motion") was filed by Charles W. Daff, Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of GMWC, LLC ("Debtor"), to approve settlement agreement ("Agreement") with Gulbahar Saini ("Buyer") and to approve the settlement as a sale of certain specified litigation claims and appellate rights ("Litigation Claims"). Due to an issue with the document received, the Trustee's signature pages were not included in the Motion. Attached as Exhibit 1 is a fully executed copy of the Settlement Agreement. Attached as Exhibit 2 is a fully executed copy of the Trustee's Declaration.

Dated: May 2, 2025

MARSHACK HAYS WOOD LLP

By: *_/s/ Tinho Mang_*
D. EDWARD HAYS
TINHO MANG
DEVAN DE LOS REYES
Attorneys for Chapter 7 Trustee
CHARLES W. DAFF

# Exhibit “1”

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Charles W. Daff, solely in his capacity as the duly appointed, qualified and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor GMWC, LLC ("Debtor"), on the one hand, and Gulbahar Saini ("Buyer") (and collectively with the Trustee, the "Parties"), on the other hand. The Parties agree as follows:

## RECITALS

A. On July 15, 2024 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), commencing the bankruptcy case entitled *In re GMWC, LLC*, Case No. 6:24-bk-14008-SY ("Bankruptcy Case") currently pending in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court").

B. On September 13, 2024, the Bankruptcy Court entered an order on its own motion to convert the Bankruptcy Case to one under Chapter 7. Charles W. Daff is duly appointed as chapter 7 trustee of the Estate.

C. On Debtor's Schedule A/B, filed on July 29, 2024, it listed an interest in real property described as a gas station ("Gas Station") located at 5771 West Florida Avenue, Hemet, CA 92445 ("Real Property").

D. The management services agreement dated December 30, 2019 ("MSA") for the Gas Station was by and between Debtor and Gas Plus Hemet, L.P. ("Gas Plus"). An option to buy the Gas Station and Real Property was included in the MSA, and was obtained through separate consideration.

E. Prior to the Petition Date, Debtor attempted to buy the Gas Station and Real Property from Gas Plus, depositing $50,000 into escrow, but the transaction did not close. The $50,000 of funds remain in the escrow.

F. On June 12, 2020, Gas Plus filed a complaint against Debtor in the Superior Court for the County of Riverside, commencing unlimited civil case number MCC2000890 ("Declaratory Action"). In the Declaratory Action, Gas Plus sought declaratory relief that the purchase option under the MSA had expired.

G. By a judgment entered on January 18, 2024, Gas Plus obtained summary judgment in its favor ("Judgment").

H. On January 25, 2024, Debtor filed a notice of appeal of the Judgment, commencing appeal number E083172 in the Court of Appeal of the State of California, Fourth Appellate District, Division 2 ("Declaratory Judgment Appeal"). The Declaratory Judgment Appeal remains pending.

I. On April 16, 2024, Gas Plus filed an unlawful detainer complaint against the Debtor in the California Superior Court, County of Riverside ("Superior Court"), commencing the case entitled *Gas Plus Hemet, L.P. v. GMWC, LLC*, Case No. UDSW2400641 ("Unlawful Detainer Action").

J. On July 4, 2024, Debtor filed its opening brief in the Declaratory Judgment Appeal.

K. On July 12, 2024, the Superior Court entered a tentative ruling against Debtor in the Unlawful Detainer Action ("Possession Ruling").

L. On July 23, 2024, Gas Plus filed a motion for relief from the automatic stay to remove Debtor from possession of the Real Property and to enforce the Possession Ruling ("RFS Motion"). The RFS Motion was granted by entry of an order by the bankruptcy court on August 22, 2024.

M. On September 17, 2024, Trustee filed a notice of proposed abandonment of property, stating his intention to abandon certain specified assets. No party filed an opposition or response to the proposed abandonment, and an abandonment order was entered on October 10, 2024.

N. By September 12, 2024, Gas Plus retook possession of the Real Property. The Real Property was thereafter sold on October 1, 2024, to a third-party purchaser. As set forth in Recital B, on September 13, 2024, the case converted to Chapter 7.

O. On September 30, 2024, Debtor filed a Notice of Appeal in the Unlawful Detainer Action, commencing appeal number APRI2400116 in the Superior Court of the County of Riverside, Appellate Division ("UD Appeal"). Gas Plus alleges that this Notice of Appeal was ineffective for lack of standing because at the time that it was filed, only the Chapter 7 trustee would have standing to file or pursue an appeal of the Possession Ruling and subsequent judgment entered upon entry of relief from the automatic stay.

P. On October 15, 2024, Gas Plus filed a Motion to Dismiss Appeal Based on Lack of Standing (the "Motion to Dismiss") in the UD Appeal. The deadline to respond to the Motion to Dismiss has been extended, at the request of the Trustee, multiple times, first due to the negotiation of a possible settlement between Trustee and Gas Plus, which ultimately was not consummated. Collectively, the Estate's rights under the Declaratory Action, the Declaratory Judgment Appeal, the Unlawful Detainer Action, the UD Appeal and the Declaratory Judgment Appeal are referred to herein as the "Litigation Claims."

Q. The Parties have reached a mutual agreement under which Trustee would sell the Estate's right, title, and interest in the Litigation Claims to Buyer, subject to Bankruptcy Court approval.

**NOW, THEREFORE,** in consideration of the foregoing Recitals, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties agree as follows:

**1. <u>Incorporation of Recitals.</u>** The foregoing Recitals are incorporated by reference as though set forth in full and are acknowledged by the Parties to be material representations which form the basis of this Agreement.

**2. <u>Rules of Construction.</u>** Each party acknowledges that it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and, as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor or against either of them, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

**3. <u>Purchase Price.</u>** Trustee desires to sell, and Buyer desires to purchase, the Estate's right to litigate the Litigation Claims for a total purchase price of $30,000 ("Purchase Price"). Buyer shall tender the Purchase Price in accordance with Paragraph 4 below, otherwise shall be in default and the Trustee may, in his discretion, elect to terminate this Agreement in the event of such default.

**4. <u>Timing and Refundability.</u>** The Purchase Price shall either be: (1) paid to Trustee in good funds; or (2) alternatively, paid to the client trust account of the Law Offices of Michael Jay Berger, with written confirmation of such payment to be received by Trustee, and such payment shall be made no later than seven (7) calendar days before the scheduled date of a hearing on a motion to approve this Agreement. If a qualifying overbid is tendered to Trustee and accepted by Trustee, Buyer shall have the option to withdraw its bid and receive a full refund of all monies.

**5. <u>Default.</u>** If the Funds are not timely received by the Trustee within seven (7) days prior to the scheduled date of a hearing on a motion to approve this agreement the Trustee, at his sole discretion, may terminate the Agreement.

**6. <u>Overbids.</u>** Consistent with *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415 (B.A.P. 9th Cir. 2003), the settlement herein shall be treated as a sale of all right, title, and interest in the Litigation Claims, subject to the following overbid procedures:

a. The initial overbid for the Litigation Claims shall be $35,000, and minimum increments for subsequent bids for any party shall be $5,000.
b. Any party wishing to overbid must tender to Trustee in good funds the initial overbid price of $35,000 as a deposit no later than three (3) calendar days before the hearing on the motion to approve this Agreement.
c. The bankruptcy court shall have ultimate authority to approve or modify any overbid procedures, and the Parties agree to be bound by the bankruptcy court.

**7. <u>Bankruptcy Court Approval</u>.** Within a reasonable period of time after: (1) the mutual execution of Agreement; and (2) the receipt of the $30,000 in consideration to be held by

the Trustee pending approval of this Agreement, the Trustee shall file and serve a motion seeking the Bankruptcy Court's approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion"). This Agreement shall become effective (the "Effective Date") on the first business day after 14 calendar days after entry of an order granting the 9019 Motion and approving this Agreement, where no notice of appeal is filed. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be of no further force or effect.

**8. Costs and Attorneys' Fees.** Each party shall bear his, her or its own costs, expenses and attorneys' fees, if any, heretofore incurred in the matters which are the subject of this Agreement to date. However, in the event it becomes necessary for any party to take any action to compel enforcement of the terms of this Agreement, the prevailing party shall be entitled to all reasonable attorneys' fees and costs incurred to compel such enforcement.

**9. Integration.** This Agreement is an integrated agreement. The terms of this Agreement are contractual and are not merely recitals. This Agreement supersedes all prior representations and agreements, if any, between the Parties or their legal counsel. This Agreement contains the entire and only understanding between the Parties. It may not be altered, amended, or extinguished, except by a writing which expressly refers to this Agreement and which is signed subsequent to the execution of this Agreement by the party or parties to any such alteration, amendment, or extinguishment, or their successors-in-interest. Any such alteration, amendment, or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

**10. Severability.** If any term, provision, covenant, or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

**11. Construction.** This Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the Bankruptcy Code.

**12. Jurisdiction.** The United States Bankruptcy Court for the Central District of California, Riverside Division shall retain jurisdiction over this Agreement and shall resolve any disputes arising under this Agreement.

**13. Miscellaneous.** As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall be deemed to include the others, whenever the text so indicates. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

**14.** **Authority.** Each of the signatories to this Agreement warrants that he or she has the authority to sign on behalf of the Party to this Agreement and that no other signature is required, except that the Trustee's authority to sign is subject to Bankruptcy Court approval.

**15.** **No Third-Party Beneficiaries.** This Agreement is intended for the benefit of the Parties hereto and their respective successors and assigns, and is not for the benefit of, nor may any provision hereof be enforced, by any other person.

**16.** **Counterparts and Facsimile and PDF Signatures.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the parties at such time as all of the signatories hereto have signed a counterpart of this Agreement, subject to Bankruptcy Court approval. All counterparts so executed shall constitute one Agreement binding on all the parties hereto, subject to Bankruptcy Court approval, notwithstanding that all parties are not signatories to the same counterpart. A facsimile signature or electronically imaged signature in "pdf" format shall, for purposes of this Agreement, be deemed to constitute an original signature and be binding as such.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the day and year first written above.

DATED: ~~April~~ May 2, 2025

[signature] 5/2/25
Charles W. Daff
solely in his capacity as Chapter 7 Trustee
of the Bankruptcy Estate of GMWC, LLC

DATED: April 6, 2025

[signature]
Gulbahar Saini
Buyer

# Exhibit "2"

**Declaration of Charles W. Daff**

I, CHARLES W. DAFF, declare as follows:

1. I am the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of GMWC LLC ("Debtor").

2. I am an individual over 18 years of age and competent to make this Declaration.

3. I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so I could and would competently testify to these facts.

4. I make this declaration in support of my motion to approve settlement with Gulbahar Saini and authorizing sale of litigation claims ("Motion").

5. I have concluded to the best of my knowledge and ability, and in my business judgment, that it is in the best interests of the Estate to enter into the Agreement attached hereto as **Exhibit 1**.

6. Since my appointment in this case, I have diligently investigated and analyzed claims of the bankruptcy estate, including the Estate's unliquidated litigation claims, including those against Gas Plus Hemet, L.P. ("Gas Plus").

7. Beginning in October 2024, I attempted to negotiate a settlement agreement with Gas Plus which would have settled the disputes between them. Although I believed we had reached a settlement in principle, in the course of negotiations, disputes arose over the consideration being given for the settlement, and on February 26, 2024, Gas Plus terminated settlement negotiations after considering my proposed overbid procedures to be unacceptable.

8. After the conclusion of settlement discussions with Gas Plus, I began negotiating with Debtor's principal, Gulbahar Saini, as to purchasing the litigation claims against Gas Plus – the Declaratory Action, the Declaratory Judgment Appeal, the Unlawful Detainer Action, the UD Appeal and the Declaratory Judgment Appeal ("Litigation Claims").

9. I am informed that Gas Plus is likely the only other party that would be interested in purchasing the Litigation Claims – including that there was previously a significant negotiation over assigning those claims to Gas Plus which was ultimately unsuccessful.

10. The Buyer's offer is the highest and best offer on the Litigation Claims.



**Exhibit "2"
Page 8**

11. Based on my experience and in consultation with counsel, I believe that the Litigation Claims have an unknown probability of success, including that the Superior Court previously entered summary judgment against Debtor and in favor of Gas Plus. Based on this decision and the posture of the appeal, I am informed that even if the underlying summary judgment is reversed on appeal, I would have to continue prosecuting the claims through a contested trial, and likely suffer a subsequent appeal as well. Rather than proceeding with litigation, including in a circumstance where the Buyer offered to fund all future litigation costs, I believe it is in the best interests of the Estate to sell and assign the claims instead.

12. I am informed that, after removing the Debtor from possession, Gas Plus subsequently sold the gas station which is the subject of the Litigation Claims. I am unaware of any other business operations of Gas Plus and it is unclear to me whether it is collectible.

13. While I do not believe that the legal issues in this matter are unduly complex, I am informed that pursuing the Litigation Claims would result in substantial expense to the Estate because counsel would need to pursue and defend the Litigation Claims on multiple fronts.

14. I believe that the Agreement is in the paramount interest of creditors because it provides a concrete and non-speculative basis for the Estate to recover assets. I am informed that the alternative to approval of this Agreement and sale of the Litigation Claims would likely be abandonment. Although the recovery of the value of assets may not be sufficient to pay all administrative and priority claims in full such that general unsecured creditors will receive a distribution, I believe that the Agreement will maximize the value of whatever assets remained in the Debtor in this converted case, and such result is the best result under the circumstances of the case.

15. For these reasons, it is my business judgment that the proposed settlement is reasonable, represents a fair and equitable resolution of the Estate's interest in the Property, and is

/ / /

/ / /

/ / /

/ / /

in the best interests of creditors and the Estate.

I declare that the foregoing is true and correct under the penalty of perjury. Executed on ~~April~~ May 2, 2025.

[signature] 5/2/25
CHARLES W. DAFF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **SIGNATURE PAGES RE EXHIBIT 1TO SETTLEMENT AGREEMENT; AND SIGNATURE ON TRUSTEE'S DECLARATION RE: (1) APPROVE SETTLEMENT UNDER FRBP 9019 WITH GULBAHAR SAINI AND (2) FOR ORDER AUTHORIZING SETTLEMENT AS A SALE AND ASSIGNMENT UNDER 11 U.S.C. § 363 OF THE ESTATE'S INTEREST POTENTIAL LITIGATION CLAIMS OUTSIDE THE ORDINARY COURSE OF BUSINESS; FOR WAIVER OF 14-DAY STAY** May will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 2, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **May 2, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
GMWC LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR
TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE OF PROCESS
14151 NEWPORT AVE STE 203
TUSTIN, CA 92780-5164

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 2, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**HONORABLE SCOTT H. YUN – VIA OVERNIGHT MAIL**
**PRESIDING JUDGE'S COPY**
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 2, 2025 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR DEBTOR:** Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **CHAPTER 7 TRUSTEE:** Charles W Daff (TR) charleswdaff@gmail.com, c122@ecfcbis.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** Devan De los Reyes ddelosreyes@marshackhays.com, ddelosreyes@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **ATTORNEY FOR U.S. TRUSTEE:** Abram Feuerstein abram.s.feuerstein@usdoj.gov
- **ATTORNEY FOR GAS PLUS HEMET, L.P., A CALIFORNIA LIMITED PARTNERSHIP:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **ATTORNEY FOR U.S. TRUSTEE:** Everett L Green everett.l.green@usdoj.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR GAS PLUS HEMET, L.P., A CALIFORNIA LIMITED PARTNERSHIP:** Brandon J. Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR PHILLIPS 66 COMPANY:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **INTERESTED PARTY COURTESY NEF:** Anne C Manalili anne.manalili@sba.gov
- **ATTORNEY FOR CHAPTER 7 TRUSTEE:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR U.S. TRUSTEE:** Cameron C Ridley Cameron.Ridley@usdoj.gov
- **ATTORNEY FOR GAS PLUS HEMET, L.P., A CALIFORNIA LIMITED PARTNERSHIP:** Barry R Swan bswan@rhlaw.com
- **U.S. TRUSTEE:** United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov